CHARLES DUSHANE, AND AGNES, his wife,

*vs.*

ALRICH RYLAND.

*New Castle, Aug. T.* 1822.

After a final decree in the cause and pending an attachment for its non-performance, leave was granted to the defendant to file a bill of review. After some delay, without any bill of review filed, the defendant being still held under the attachment, and the complainant proceeding to enforce the same,—upon motion, the Chancellor discharged the defendant, but with leave to the complainants to take out another attachment, unless the defendant should, before a certain day appointed in the order, file a bill of review, and should also make affidavit of his inability to pay the money decreed and give bond, with surety, for the payment of the same, or of so much thereof as should not be otherwise ordered and decreed under the bill of review,—such security, if given, to have the effect of suspending the original decree until the event of the bill of review.

ATTACHMENT FOR NON-PERFORMANCE OF A DECREE.—A final decree had been made in this cause on the 2d of September, 1820, whereby the defendant, Ryland, was

decreed to pay to the complainants, Cornelius Dushane and Agnes his wife, $297.12. On the 21st of February 1821, an attachment for the non-performance of the decree was issued and returned by the sheriff " *cepi corpus* and in custody." On the 6th of September,1821, a rule was laid upon the sheriff to bring the body of the defendant into court at the next April Term. At that term the defendant's solicitor obtained leave to file a bill of review, and further proceedings under the attachment were suspended. After some delay, and no bill of review being filed, and the complainants being about to proceed to enforce the attachment,—*Read*, for the defendant, on the 28th of August 1822,moved for his discharge from the attachment, on the ground that leave had been granted to file a bill of review.

*Van Dyke*, for the complainants.

A bill of review, even had it been filed, would not prevent the execution of the decree impeached. The party would be allowed to obtain the object of his bill, supposing there should ultimately prove to be no error in the proceedings. Where money is to be paid under a decree, the Court will sometimes accept of good security to await the event of a bill of review. That is the only mode of staying execution of the decree. 1 *Harrison's Ch. Pr.* 138-9. 2 *Bro. P. C.* 24 : 1 *Chanc. Cas.* 42, 86 : 1 *Chanc. Rep.* 139 : 2 *Chanc. Rep.* 48. In this case no bill has as yet been filed.

*Read*, for the defendant, cited *Hind's Ch. Pr.* 61, 62, 59.

The Chancellor directed the following order to be entered, viz :

Aug. 28, 1822. It is ordered by the Chancellor that if a bill of review be filed on or before the 15th day of October next, and if Alrich Ryland, the defendant in the

original cause, make affidavit before the Register of this Court that he is unable, and hath not the means in his power, to pay the money decreed to be paid to Cornelius Dushane and Agnes his wife, in the original decree; and shall, on or before the 20th day of October next, enter into a bond with security to be approved by the Register of this Court to pay to the said Cornelius Dushane and Agnes his wife the sum of $437.49, decreed in said original cause to be paid to them the said Cornelius Dushane and Agnes his wife, with interest from the 2d of February, 1821, in case the original decree made in this cause shall not be reversed, or to pay so much of such money as shall not by such decree on such bill of review be otherwise ordered or decreed than in such original decree, then that the execution of the original decree shall be suspended and await the event of the said bill of review.

And it is ordered by the Chancellor, that the said Alrich Ryland be discharged from the attachment heretofore issued in this cause, on the payment of the costs and service thereof; and that the complainants, Cornelius Dushane and Agnes his wife, be at liberty to take out an attachment on the original decree in this cause, in case such bill of review be not filed, and affidavit made, and bond with security be given as above ordered, within the times above limited.